1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CALIFORNIA SPORTFISHING
     PROTECTION ALLIANCE,
11
             Plaintiff,                          No. CIV 2:10-cv-3064-KJM-JFM
12
         vs.
13
     VALLEY SLURRY SEAL CO., *et al.*,
14
             Defendant.                          <u>ORDER</u>
15
     _____/
16
             On February 2, 2012 the court held a hearing on plaintiff's December 16, 2011
17
     motion to compel.  Erik Michael Roper appeared for plaintiff.  Counsel for defendants failed to
18
     appear.  Upon review of the discovery statements on file, discussion with counsel and good
19
     cause appearing therefor, THE COURT FINDS AS FOLLOWS:
20
                        RELEVANT FACTUAL AND PROCEDURAL BACKGROUND
21
             This action, which was filed on November 15, 2010, is proceeding on an amended
22
     complaint filed January 13, 2011.  Plaintiff California Sportfishing Protection Alliance
23
     ("CSPA") is a "citizen enforcer," under the Clean Water Act, 33 U.S.C. § 1365.  Defendant
24
     Valley Slurry Seal Company manages storm water at a 24-acre asphalt emulsion manufacturing
25
     facility ("the Facility") located at 7200 Pit Road, Redding, California.  Defendant Terry Uhler
26

                                                1

manages the Facility.  Plaintiff alleges defendants' management practices and lack of structural

controls lead to the discharge of pollutants from the Facility into Clear Creek, in violation of the

Clean Water Act.  Plaintiff seeks declaratory and injunctive relief as well as civil penalties.

On November 9, 2011, plaintiff served on defendants two requests for inspections

of land and property pursuant to Federal Rule of Civil Procedure 34.  <u>See</u> Motion to Compel

("MTC"), Ex. A.  The First Request sought to schedule an inspection of the Facility for

December 15, 2011 to inspect, photograph, test, videotape, or sample certain areas in or around

the Facility.  Through this inspection, plaintiff intended to set up the means to conduct (1) an

infiltration study designed to establish how fast water infiltrates / enters the Facility's soil and

(2) a hydrologic flow study designed to determined whether the Facility's storm water settling

basins / percolation ponds are in fact hydrologically connected to nearby Clear Creek.  The

Second Request sought to schedule dates following three rain events during the "Wet Season"

starting December 16, 2011 through May 30, 2012 to inspect, photograph, test, videotape or

sample certain areas in or around the Facility.  This study was intended to establish the detention

basins' hydrologic connection to Clear Creek.  These dates would be given with a 36-hour

notice.

Following defendants' purported objections to these requests, plaintiff filed this

instant motion to dismiss on December 16, 2011.  Doc. No. 27.  Although the Local Rules direct

the parties to file a joint discovery statement no later than seven days before the date of the

scheduled discovery hearing, <u>see</u> Local Rule 251(c), the parties did not file a joint discovery

statement here.  Rather, defendants filed an opposition on January 9, 2012 accompanied by a

declaration of defense counsel.  Plaintiff filed an affidavit on January 26, 2012.

DISCUSSION

A.      <u>Plaintiff's Motion to Compel</u>

Defendants oppose plaintiff's requests on the following grounds: (1) plaintiff

already inspected the Facility for several hours on February 28, 2011; (2) plaintiff's technicians

1  and/or scientists will be testing and/or collecting in areas that are dangerous because they present

2  potential hazards (they may, for example, be run over by trucks); (3) plaintiff's Second Request

3  to inspect the property following rainy days is problematic because the Facility is sometimes

4  shut down for multiple days when rainy events take place; (4) plaintiff's requests would result in

5  permanent installation of equipment at the Facility; and (5) plaintiff's requests would inhibit

6  normal operation at the Facility.

7          Defendants have offered to allow limited on-site monitoring if plaintiff is able to

8  show contamination following monitoring of Clear Creek upstream and downstream from the

9  Facility.  If the downstream monitoring showed the water quality to be different than water

10 collected from the upstream monitoring, then defendant would consider some form of on-site

11 monitoring.  Defendants submit the declaration of W.H. Fox, an environmental assessor who

12 declares that the testing of water upstream and downstream of the Facility is the preferred

13 method of regulatory agencies in determining if pollutants are discharged from a site.

14         Plaintiff counters by arguing first that defendants waived their right to object to

15 the inspection requests per Federal Rule of Civil Procedure 34(b)(2)(A) because they failed to

16 object in writing.[1]  Alternatively, plaintiff argues that defendants' suggestion of inspecting water

17 upstream and downstream will not necessarily prove sufficient to establish the requisite

18 significant nexus between the Facility's detention basins and Clear Creek and that this

19 suggestion is in fact more time-consuming and expensive to plaintiff.  Plaintiff submits the

20 declaration of John Lane, a hydrologist / geologist, in support.  See Pl.'s Affid., Lane Decl.  As

21 to defendants' objections to the requests, plaintiff asserts that the scenarios presented are

22 extremely unlikely, it has already inspected the property with no effect on business operations, it

23 is willing to schedule the inspections on days that are agreeable to defendants and, finally, there

24 will be no permanent installation of any monitoring equipment on the Facility.

25

26         [1] Federal Rule of Civil Procedure 34(b)(2)(A) provides "The party to whom the request
is directed must respond *in writing* within 30 days after being served. . . ."  (Emphasis added.)

3

1      Having reviewed the positions of the parties, the court will grant plaintiff's

2  motion to compel.  As an initial matter, although Rule 34 does not specifically provide for a

3  waiver where an objection is absent or untimely, courts have held that such failure may be

4  deemed a waiver.  Covad Communications Co. v. Revonet, Inc., 258 F.R.D. 17, 25 (D.D.C.

5  2009); Fed. R. Civ. P. 34(b)(2)(A).  Since plaintiff's requests were proper under Rule 34 and

6  there have been no timely objections, plaintiff's motion to compel could be granted on this

7  ground alone.

8      Even if defendants timely objected in writing, plaintiff's requests for inspections

9  would nonetheless be granted because the requests are relevant to plaintiff's allegations in the

10  amended complaint that defendants have not complied with federal and state law in controlling

11  discharge of pollutants in the storm water from defendants' facility.  CSPA can inspect

12  defendants' property to determine whether defendant is properly managing storm water

13  discharges.  The requests are also narrowly tailored as to time and areas to be inspected; plaintiff

14  can conduct its inspections / testing with minimal, if any, disruption to defendants' business;

15  there will be no permanent installation; and the inspection days can be scheduled at times that

16  are convenient to defendants.

17  B.      Plaintiff's Motion for Sanctions

18      At the February 2, 2012 hearing and in light of defense counsel's failure to appear

19  at the hearing, plaintiff moved for expenses.  On February 6, 2012, counsel for CSPA submitted

20  a declaration setting forth his costs associated with filing the instant motion to compel, attending

21  the February 2, 2012 discovery hearing and preparing a proposed order and the February 6, 2012

22  declaration.  In total, CSPA seeks $11,913.50.  Because the court finds that only those costs

23  associated with counsel's attendance at the hearing and his preparation of the February 6, 2012

24  declaration are warranted[2], defendants shall pay $2,468.75 for their non-appearance.

25

26      [2]  At the February 2, 2012 hearing, counsel for plaintiff was informed that submission of
a proposed order was unnecessary as the court prepares its own orders.

Accordingly, IT IS ORDERED that:

1.  Plaintiff's December 16, 2011 motion to compel is granted.

        a.        Plaintiff shall conduct an inspection pursuant to its First Request within fourteen (14) days of the date of this order or as the parties may mutually agree.

        b.        Plaintiff shall conduct inspections pursuant to its Second Request on or before May 30, 2012.

2.  Plaintiff's February 2, 2012 oral motion for expenses is partially granted. Defendants shall pay to plaintiff $2,468.75 within ten (10) days from the date of this order.

DATED: February 9, 2012.

UNITED STATES MAGISTRATE JUDGE

/014;cali3064.disc

5