UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, a non-
profit corporation,

        Plaintiff,

    v.

VALLEY SLURRY SEAL COMPANY,
a California corporation, and TERRY
UHLER, an individual,

        Defendants.
_____/

NO. CIV. S-10-3064 KJM-JFM

ORDER

        Plaintiff CSPA is a citizen enforcer under the Clean Water Act, 33 U.S.C. § 1365. Am. Compl., ECF No. 9 ¶¶ 8-9. Defendant Valley Slurry Seal Company operates an asphalt emulsion manufacturing plant in Redding, California, which collects and discharges storm water to Clear Creek. *Id*. ¶¶ 6, 11. Defendant Terry Uhler is manager of Valley Slurry Seal. *Id*. ¶ 12.

        On April 22, 2011, the court issued an amended pretrial scheduling order, setting the following dates: completion of discovery by June 30, 2012; initial expert disclosure by June 29, 2012; supplemental expert disclosure by August 12, 2012; completion of expert discovery by December 21, 2012; dispositive motions heard by February 27, 2013; final pretrial conference on June 26, 2013; and trial on August 26, 2013.

/////

1           On February 10, 2012, the magistrate judge granted plaintiff's motion to compel
2   defendants to permit inspections of the Redding facility, noting that the inspection is germane to
3   its allegations that defendants are not properly managing storm water so as to avoid the
4   discharge of pollutants.  ECF No. 37.  He found that the requests for inspection were "narrowly
5   tailored as to time and areas to be inspected; plaintiff can conduct its inspections/testing with
6   minimal, if any, disruption to defendants' business; there will be no permanent installation; and
7   the inspection days can be scheduled at times that are convenient to defendants." *Id.* at 4.  The
8   magistrate judge also imposed sanctions in the form of attorneys' fees on defendants' counsel for
9   his failure to appear at the hearing on the motion to compel.  *Id.* at 4-5.
10          Defendants sought reconsideration and a stay of the order, challenging both the
11  ruling on the motion to compel and the imposition of sanctions.  ECF No. 38.  This court did not
12  disturb the magistrate judge's ruling on the motion to compel and denied the stay, but ultimately
13  reversed the sanctions order.  ECF Nos. 46, 50.
14          On April 24, 2012, the magistrate judge held a status conference in this case and
15  denied plaintiff's request to modify the dates in the scheduling order.  ECF No. 60.
16          CSPA has now moved to continue the dates set in the amended pretrial scheduling
17  order.  As defendants did not timely reply, the court issued an order to show case.  Defendants
18  have responded to that order and to plaintiff's motion.  The court determined that oral argument
19  was not necessary and submitted the motion on the papers.  L.R. 230(g).
20  I.      The Motion To Continue
21          Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be
22  modified only for good cause and with the judge's consent."  "Rule 16(b)'s 'good cause'
23  standard primarily considers the diligence of the party seeking the amendment. The district court
24  may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the
25  party seeking the extension.'" *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir.
26  1992) (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)). "Although
27  the existence or degree of prejudice to the party opposing the modification might supply
28  additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons

2

for seeking modification. [citation omitted] If the party was not diligent, the inquiry should end." *Id*. A party shows it has acted diligently if it assisted the court in designing a workable Rule 16 order; that the non-compliance with the deadline was the result of unforeseen developments; and it thereafter moved diligently to amend the Rule 16 order. *Jackson v. Laureate, Inc*., 186 F.R.D. 605, 608 (E.D. Cal. 1999).

Plaintiff contends that defendants have been recalcitrant in complying with discovery requests and in allowing the site inspections; it argues specifically that defendants would not allow inspections before April 11 and after that date, there have been no "qualifying storm events," which plaintiff characterizes as sufficient rainfall to cause a discharge of storm water from the facility, preceded by three working days without storm water discharges.  ECF No. 58 at 3 n.1; *see also* ECF No. 65-1 at 54.  Plaintiff explains that although its representative inspected defendants' facility on April 11 while it was raining, rainfall on April 10 meant that the April 11 precipitation was not a qualifying storm event.  Declaration of Erik Roper, ECF No. 65-1 ¶ 7.  In addition, plaintiff has presented copies of emails showing its attempts to schedule site visits earlier.  ECF No. 65-1 ¶ 3 & Ex. A.  In one of the communications, defendant's counsel Stewart Altemus said that because of the then-pending motion to reconsider, the proposed dates for inspection would not apply.  ECF No. 65-1 at 6.  Plaintiff has also provided documents showing Mr. Altemus did not respond to its email of March 19 concerning a site inspection for March 27 or March 29 until April 3[1] and proposed the April 11 date.  ECF No. 65-1 at 8.

In addition, plaintiff's counsel Erik Roper avers that the June 6, 2012 deposition of defendant Slurry Seal revealed names of individuals, previously unknown, with information about defendant's management of storm water.  ECF No. 65-1 ¶ 8.  According to Mr. Roper, he had attempted to schedule depositions earlier, but Mr. Altemus did not respond quickly. Declaration of Erik Roper, ECF No. 58 ¶¶ 4-5.  He also avers that Mr. Altemus has been slow to

---

[1] Mr. Altemus writes "I'm seeing this for the first time today," even though the earlier email shows it was sent both to Mr. Altemus and to his assistant Bonnie Prather.  ECF No. 65-1 at 7, 8.

3

respond to Mr. Roper's attempts to meet and confer concerning defendants' responses to written discovery requests. *Id*. ¶¶ 8-9.  Finally he notes there is a motion to compel set on the magistrate judge's calendar and contends that Mr. Altemus has not cooperated in preparing the joint statement concerning the discovery dispute.  Letter of Erik Roper, ECF No. 67 & Ex. A; *see also* ECF No. 66.

        Mr. Altemus acknowledges that his availability has been limited as he is a sole practitioner with a busy practice, but avers that plaintiff has not identified other non-expert discovery it would pursue were the deadlines extended.  Declaration of Stewart Altemus, ECF No. 63 ¶¶ 5, 9.  He also avers that because of the magistrate judge's order compelling the inspections, defendants were "powerless to prevent" the inspections, so plaintiff's claim of scheduling difficulties is misleading.  ECF No. 63 ¶ 4.  Despite the fact that plaintiff need only give thirty-six hour notice, it has not notified defendants that such inspections would take place, despite the fact that there have been a number of qualifying storm events.  *Id*. ¶ 4 & Ex. 1.[2]

        Plaintiff has established good cause for modifying the order.  The magistrate judge's order on the motion to compel allows plaintiff to conduct the inspection "at times that are convenient to defendants."  ECF No. 37 at 4.  Plaintiff's evidence shows it attempted to schedule inspections as ordered, but that defendant rejected some dates because of the motion for reconsideration and then was slow in responding to communications about other dates.  Even if the court considers Mr. Altemus's proffered weather chart and his characterization of rainfall in Redding, it still finds that plaintiff was diligent in attempting to schedule site visits at a time convenient to defendants in light of the defendants' reluctance to allow plaintiff to inspect.  Similarly the court finds plaintiff was diligent in attempting to schedule depositions and pursue perceived inadequacies in defendants' responses to written discovery.

        It is now summer in the Central Valley, where temperatures in Redding often reach the triple digits, typically without rain.  In addition, plaintiff's current motion to compel is not set for hearing until July 27, 2012.  While the court does not wish to prolong the discovery

---

[2] Exhibit 1 appears to be a print out from the Weather Underground site, but there is little to show that it reflects Redding weather.

4

period unnecessarily, it recognizes that the likelihood of a qualifying storm event before September is low.

Accordingly, the court GRANTS plaintiff's motion and sets the following dates:

Completion of discovery, including inspections: October 1, 2012.

Designation of experts: October 1, 2012.

Supplemental designation of experts: October 22, 2012.

Completion of expert discovery: January 7, 2013.

Dispositive motion deadline: March 29, 2013.

The court will set further dates as necessary following the resolution of any dispositive motions.  Should the parties decide not to file dispositive motions, they should notify the court in writing no later than the motion deadline.

II.     Order To Show Cause

Mr. Altemus avers that he recalled discussing June 8 as a possible hearing date for the motion to continue and asked his assistant Bonnie Pather to determine whether the motion was set for that day.  ECF No. 63 ¶ 2.  He did not file an opposition after Ms. Prather told him it had not been scheduled.

Ms. Prather has submitted a declaration averring that when she received the magistrate judge's order denying plaintiff's request for a modification of the schedule, she told Mr. Altemus that the June 8 date had been vacated.  Declaration of Bonnie Prather, ECF No. 62 ¶¶ 3-4.  Thereafter she checked the "Deadlines/Hearings" function in CM/ECF, which did not reflect a hearing for June 8, 2012.  *Id*. ¶ 5 & Ex. 2.

Although the June 8 hearing does not appear on the Deadlines/Hearing screen, neither Ms. Prather nor Mr. Altemus explain why they did not realize the hearing had been calendared when they received the Notice of Electronic Filing corresponding to plaintiff's motion, as the electronic certificate of service shows they did.  As this is not the first time Mr. Altemus's calendaring and/or communication systems have caused him to miss deadlines in this court, the court finds a sanction appropriate.

/////

IT IS THEREFORE ORDERED that:

1. The dates in the amended pretrial scheduling order are vacated and the court sets the following deadlines:  Completion of discovery, including inspections: October 1, 2012; designation of experts: October 1, 2012; supplemental designation of experts: October 22, 2012; completion of expert discovery: January 7, 2013; dispositive motion deadline: March 29, 2013. The court will set further deadlines if necessary following resolution of any dispositive motions;

2. Mr. Altemus is sanctioned in the amount of $250.00, payable to the court within fourteen days of the date of this order.

DATED:  July 2, 2012.

_____
UNITED STATES DISTRICT JUDGE