UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA SPORTFISHING
PROTECTION ALLIANCE, a non-
profit corporation,

        Plaintiff,

    v.

VALLEY SLURRY SEAL COMPANY,
a California corporation, and TERRY
UHLER, an individual,

        Defendants.
_____/

NO. CIV. S-10-3064 KJM-JFM

ORDER

        Plaintiff (CSPA) is a citizen enforcer under the Clean Water Act, 33 U.S.C. § 1365. Amended Complaint, ECF No. 9 ¶¶ 8-9. Defendant Valley Slurry Seal Company operates an asphalt emulsion manufacturing plant in Redding, California, which collects and discharges storm water to Clear Creek. *Id.* ¶¶ 6, 11. Defendant Terry Uhler is manager of Valley Slurry Seal. *Id.* ¶ 12.

        On April 22, 2011, the court issued an amended pretrial scheduling order, setting the following dates: completion of discovery by June 30, 2012; initial expert disclosure by June 29, 2012; supplemental expert disclosure by August 12, 2012; completion of expert discovery by December 21, 2012; dispositive motions heard by February 27, 2013; pretrial conference on June 26, 2013; and trial on August 26, 2013.

On February 10, 2012, the magistrate judge granted plaintiff's motion to compel defendants to permit inspections of the Redding facility, noting that the inspection is germane to its allegations that defendants are not properly managing storm water so as to avoid the discharge of pollutants. ECF No. 37. He found that the requests for inspection were "narrowly tailored as to time and areas to be inspected; plaintiff can conduct its inspections/testing with minimal, if any, disruption to defendants' business; there will be no permanent installation; and the inspection days can be scheduled at times that are convenient to defendants." *Id.* at 4. The magistrate judge also imposed sanctions in the form of attorneys' fees on defendants' counsel for his failure to appear at the hearing on the motion to compel. *Id.* at 4-5.

Defendants sought reconsideration of the order, challenging both the ruling on the motion to compel and the imposition of sanctions and sought a stay of the order. ECF No. 38. This court did not disturb the magistrate judge's ruling on the motion to compel and denied the stay, but ultimately reversed the sanctions order. ECF Nos. 46, 50.

On April 24, 2012, the magistrate judge held a status conference in this case and denied plaintiff's request to modify the dates in the scheduling order as directed to the wrong judge. ECF No. 60.

CSPA then asked this court to continue the dates set in the amended pretrial scheduling order. On July 3, 2012, this court granted the motion, resetting the discovery cut-off date, among other things, to October 1, 2012.

CSPA has timely filed objections, arguing that meteorological data it has provided for the Redding area suggest there will not be sufficient rainfall before the deadline to enable it to conduct the wet inspections it needs to support its claims. Defendants have not replied to the objections.

Although it is possible there will be rain before the newly set discovery cutoff date, plaintiff's showing suggests it is not likely. Accordingly, the court GRANTS plaintiff's motion and sets the following schedule:

Completion of discovery, including inspections: November 30, 2012.

Designation of experts: January 15, 2013.

Supplemental designation of experts: February 4, 2013.

Completion of expert discovery: March 6, 2013.

Dispositive motion deadline: May 10, 2013.

IT IS SO ORDERED.

DATED: August 6, 2012.

_____
UNITED STATES DISTRICT JUDGE